**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| STANLEY SWENSON, as Trustee of REGENCY TRUST, BERRYVALE TRUST, and HOTLUM TRUST,<br><br>    Plaintiff,<br><br>    vs.<br><br>UNITED STATES OF AMERICA,<br><br>    Defendant.<br>_____/ | No. 2:12-CV-2058-JAM-CMK<br><br><br><br>FINDINGS AND RECOMMENDATIONS |

       Plaintiff, proceeding *in propria persona* on behalf of three trusts, brings this civil action relating to property titles. Pending before the court is defendant's motion to dismiss (Doc. 5). Plaintiff filed a timely opposition (Doc. 7). A hearing on the motion was held on January 9, 2012, before the undersigned in Redding, California. Defense counsel G. Patrick Jennings appeared telephonically; Plaintiff appeared in person.

       **I. Background**

       Plaintiff, proceeding pro se, is attempting to represent three trusts in this action: Regency Trust, Berryvale Trust, and Hotlum Trust. He alleges in the complaint that he is the successor trustee for each of the three trusts. The action challenges a tax lien the government is

1

attempting to enforce and reduce to judgment against the trusts.[1] Plaintiff states he is seeking a release of the liens and levies the IRS has recorded against the trusts.

In the complaint, plaintiff alleges he is the successor trustee for all three trusts, which he states are irrevocable. The tax liens at issue have been attached to properties plaintiff alleges are owned by the trusts, while the taxes are owed by Richard and Diane Shearer who had owned the properties, but transferred the properties into the trusts prior to the tax liabilities. Thus, plaintiff contends, there is no basis for the lien attachment against the properties. Plaintiff acknowledges the taxes are owed by the Shearers, but not the trusts.

**II. Motion to Dismiss**

Defendant brings this motion to dismiss on the grounds that plaintiff, who is not an attorney, cannot represent the trusts in this action. The motion is based on 28 U.S.C. § 1654, which allows parties to appear in pro per, but only when representing themselves alone. Defendant contends that plaintiff is not representing himself but the trusts in this action, and he should therefore not be allowed to proceed. In addition, defendant argues this case should be dismissed because the same questions of fact and law will be resolved in the parallel case.

In opposition to the motion, plaintiff acknowledges that he is not an attorney, but argues he is representing his own personal interests and does not lack standing. He argues that an individual trustee representing a trust has a beneficial interest and is distinguishable from an individual representing an association or an institutional or distant trustee representing a trust.

**III. Discussion**

28 U.S.C. § 1654 provides:

In all courts of the United States the parties may plead and conduct
their own cases personally or by counsel as, by the rules of such

---

[1] Defendant has filed a separate action addressing these same trusts and tax liens, case number 2:12cv2334 GEB GGH. This second action was filed after this action, but prior to the completion of service in this case. Plaintiff and the three trusts, among others, are all named as defendants in the second action. Plaintiff has not yet appeared in that action, but indicated his intention was to appear pro se on behalf of the trusts.

courts, respectively, are permitted to manage and conduct causes therein.

Defendant cites two main cases in support of their position that plaintiff cannot represent the trusts' interests pro se: Rowland v. California Men's Colony, 506 U.S. 194, 202 (1993) and C.E. Pope Equity Trust v. United States, 818 F.2d 696, 697 (9th Cir. 1987).

The issues addressed in the Rowland case are not similar to those present here. In Rowland, the United States Supreme Court found only natural persons could proceed in forma pauperis. In so deciding, however, the Court discussed the issue presented here, whether an artificial entity (such as a corporation or association) could appear in a federal court without licensed counsel. The Court acknowledged that "the lower courts have uniformly held that 28 U.S.C. § 1654, providing that 'parties may plead and conduct their own cases personally or by counsel,' does not allow corporations, partnerships, or associations to appear in federal court otherwise than through a licensed attorney." Rowland, 506 U.S. at 202 (citations omitted).

The issues addressed in C.E. Pope Equity Trust are equivalent to those raised here, whether the trustee of a trust may proceed pro se on behalf of the trust. In that case, the Ninth Circuit clarified that "[a]lthough a non-attorney may appear *in propria persona* in his own behalf, that privilege is personal to him . . . [and he] has no authority to appear as an attorney for others than himself." 818 F.2d at 697 (internal citations and quotations omitted). As is the case here, in C.E. Pope Equity Trust, the trustee, acting in his capacity as trustee, is a fiduciary responsible for the orderly administration of assets. The Ninth Circuit noted the record did not identify the trust's beneficiaries, nor was there anything in the record to indicate that the trustee was the actual beneficial owner of the claims being asserted by the trusts. Thus, the trustee was not "a 'party' conducting his '*own* case personally' within the meaning of Section 1654." Id. at 697-98. Similarly, in the instant case, there is nothing in the complaint indicating that plaintiff is a beneficiary as well as the trustee. As plaintiff is representing the interests of the trust, and thus the beneficiaries of the trust, he cannot be viewed as a party conducting his "own case

personally" within the meaning of § 1654. See also Maisano v. Welcher, 940 F.2d 499, 501 (9th Cir. 1991) (finding that the plaintiffs, who were both trustees and beneficiaries of the trust, lacked standing to maintain an action on behalf of the trust as pro se litigants).

Finally, this Court's local rules require that all entities be represented by counsel in matters before this Court. See Local Rule 183(a) ("A corporation or other entity may appear only by an attorney.") Despite these clear mandates that the trusts be represented by counsel in this proceeding, plaintiff contends that there is support for his position that he be allowed to represent the interests of the trusts in this action. Plaintiff relies on a California statute, California Probate Code § 16249, an Internal Revenue Code, 26 U.S.C. § 672, and a Bankruptcy Code, 11 U.S.C. § 1109(b), all of which he purports allow a trustee to represent the interest of a trust.

Plaintiff's reliance on the California Probate Code, Internal Revenue Code, and Bankruptcy Code are misplaced. California Probate Code § 16249 provides the trustee with the power to prosecute or defend actions, as opposed to the beneficiaries of the trust. As with the Oregon statute at issue in C.E. Pope Equity Trust, there is nothing in the California Probate Code plaintiff relies on that authorizes a non-lawyer to represent a trust in a legal action.[2] 26 U.S.C. § 672 defines an adverse party as relates to the interests of a trust, but again does not provide any authority for a non-lawyer to represent a trust in the federal courts. Finally, 11 U.S.C. § 1109(b) provides that a trustee may appear and be heard on behalf of a trust, without specifically providing the right to do so pro se. Thus, none of these statutes provide support for plaintiff's position, especially in light of the cases noted above.

Plaintiff may be correct in his position that an individual trustee may generally represent the interests of a trust and decide how best to do so. However, contrary to plaintiff's

---

[2] In fact, there is federal case law supporting the opposite, that an administrator of an estate may not appear pro se on behalf of an estate in federal court. See e.g., Iannaccone v. Law, 142 F.3d 553, 559 (2nd Cir. 1998).

position, the courts have clearly determined that a trustee may not proceed *in propria persona* in a legal action on behalf of the trust he represents.  Representing the interests of the trust is not equivalent as representing a trust in a legal action, which requires a licenced attorney.  Thus, it is clear that plaintiff may not proceed in this action *in propria persona* on behalf of the trusts.

Defendant argues that as plaintiff may not proceed *in propria persona*, and the issues raised in this action will be decided in the parallel action, that this case should be dismissed without leave to amend.  While the issues in the two actions may indeed be similar, and will end up resolving the same issue, dismissal of this action with prejudice is not the proper remedy.  Because it is possible that the defect in these proceedings may be cured, the Court must allow leave to amend.  See Doe v. United States, 58 F.2d 494, 497 (9th Cir. 1995).  Where a party appears improperly without an attorney, the party should be provided an opportunity to seek counsel and be allowed to proceed.  Only after being provided an opportunity to do so, and failing to retain counsel, is it appropriate for the court to consider the dismissal of the action.  See Employee Painters' Trust v. Ethan Enterprises, Inc., 480 F.3d 993, 998 (9th Cir. 2007) (holding default judgment warranted where corporation failed to retain counsel within time provided ).  Defendant's argument that the issues will be addressed in the case the government filed after the current action was initiated does not necessarily bar this action from proceeding.  Whether an order consolidating the actions, or a related case order, will be deemed appropriate is a question to be addressed in the future.

**IV.  Conclusion**

There is no authority for plaintiff to appear pro se on behalf of the trusts for which he is named trustee.  Trusts, like corporations or other associations, are required to appear with licensed counsel in matters before this Court.  It is therefore appropriate to dismiss the complaint, and provide leave to file an amended complaint.  Plaintiff should be provided with time to retain counsel and file an amended complaint.

///

Based on the foregoing, the undersigned recommends that defendant's motion to dismiss (Doc. 5) be granted, the complaint in this action be dismissed, and plaintiff be granted 60 days in which to retain an attorney to represent the trusts in this action and file an amended complaint. Plaintiff is cautioned that failure to do so will result in the dismissal of this action for lack of prosecution and failure to comply with court rules and orders. See Local Rule 110.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the court. Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: January 11, 2013

　　　　　　　　　　　　　　　　　　　／s／ Craig M. Kellison
　　　　　　　　　　　　　　　　　　　**CRAIG M. KELLISON**
　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE